**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| EDWARD POWELL, | : | |
| | : | Civil Action No. 10-558 (RBK-KW) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER CARL  DANBERG, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**KUGLER**, United States District Judge**:**

> Plaintiff Edward Powell ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and raising supplemental state claims.  At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.     BACKGROUND

> The following factual allegations are taken from Plaintiff's Complaint and its exhibits and are accepted as true for purposes of this review.  The Complaint contains general allegations, but little detail.  The attached exhibits, however, provide detail of Plaintiff's numerous medical complaints.

Plaintiff was in an automobile accident October 2007 and sustained injuries to his neck. He was scheduled for neck surgery in June 2008, but was incarcerated in May 2008.  At the time of his imprisonment he was on numerous medications.

Prior to Plaintiff's incarceration, on December 29, 2006, the United States Department of Justice ("DOJ") provided to the Governor of the State of Delaware its findings of the DOJ Civil Rights Division's investigation that focused on medical and mental health care and the conditions and practices of five Delaware Department of Correction ("DOC") facilities.  The facilities included the VCC (formerly known as the Delaware Correctional Center).  According to Plaintiff, Defendant Carl Danberg ("Danberg"), Commissioner of the DOC, "failed to act, take control, or correct" Defendant Correctional Medical Services' ("CMS") errors four years after the investigation.[1]  Danberg's failure has caused Plaintiff to suffer because of medical errors by CMS. Also, Danberg's failure to provide adequate medical services violated Plaintiff's constitutional rights.  (D.I. 2, ¶¶ 4, A.)

Warden Perry Phelps ("Phelps") is responsible for insuring that Plaintiff received safe and proper medical care.  According to Plaintiff, CMS to continue to injure him because Phelps failed to act on Plaintiff's complaints.[2]  Also, Phelps failed to provide and oversee Plaintiff's safety and protection once the medical service provider was proven to be unsafe.  Finally, Phelps failed to effectively act on Plaintiff's complaints and grievances.  (Id. at ¶¶ 5, B.)

---

[1]Danberg is not mentioned in the grievances attached to the Complaint.

[2]Phelps is not mentioned in the grievances attached to the Complaint.

CMS provided medical services to inmates at the VCC and, according to Plaintiff, it allowed its medical personnel to injure Plaintiff through improper medical treatment and the failure to follow policies and procedures.  In addition, CMS failed to act, correct, change, or incorporate an effective grievance board to oversee inmate complaints and staff errors.  Plaintiff submitted numerous grievances regarding pain management but they were not addressed for months.[3]  In one instance, Plaintiff complained that he waited eight months for treatment.  In addition, at times he received no, or improper, pain medication.  (Id. at ¶¶ 6, C.)

Dr. Rivera is the medical grievance board physician who oversees, recommends, and orders the DOC's medical providers to correct errors and provide proper medical treatment.[4]  Dr. Rivera conducted investigations for several of Plaintiff's grievances.  In some instances, he found in favor of Plaintiff, and in other instances, he found against him.  Because Dr. Rivera sat on the grievance board, according to Plaintiff, he was aware of Plaintiff's pain and suffering, but failed to act or correct the actions of CMS.  (Id. at ¶¶ 7.D.)

On March 11, 2009, Defendant Nurse Practitioner Nioma ("Nioma") would not order pain medication and request proper medical treatment for Plaintiff.[5]  She refused to adhere to outside physician orders.  In addition, she refused to provide Plaintiff with a proper wheelchair; the one he was provided was damaged.  Grievances indicate that Plaintiff complained of his damaged wheelchair on October 15, 2009, and was given a new wheelchair on October 30, 2009.  (Id. at ¶¶

---

[3]Investigations by Defendant Dr. Rivera ("Dr. Rivera") revealed that Plaintiff had a long history of back and neck pain and could benefit from more aggressive pain management.

[4]Dr. Rivera was inadvertently omitted from the Court docket.

[5]Nioma's name is spelled as Naomi in grievances attached to the Complaint.

3

8, E.)  On June 5, 2010, Defendant Nurse Bob ("Bob") refused to provide Plaintiff with pain medication.[6]  When Plaintiff indicated that he was going to submit a grievance, Bob told Plaintiff that he would have him transferred.  (Id. at ¶¶ 9, F.)  On October 30, 2009, Defendant Nurse Betty ("Betty") told Plaintiff that he was not entitled to receive proper medical care and failed to act on any of his medical complaints.  (Id. at ¶¶ 10, G.)  The Complaint also contains general allegations, without supporting facts, directed towards John and Jane Doe.

Plaintiff seeks compensatory and punitive damages.

## II.    STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

---

[6]Nurse Bob's name is spelled incorrectly on the Court docket as "Bots".

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949.

When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-

pleaded facts as true, but may disregard any legal conclusions.  Id. at 210-11.  Second, the Court

must  determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff

has a "plausible claim for relief."[7]  Id. at 211.  In other words, the Complaint must do more than

allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts.  Id.

"[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief."  Iqbal, 129 S.Ct. at 1949  (quoting Fed. R. Civ. P. 8(a)(2)).

## III.   42 U.S.C. § 1983

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him

of a federal right, and that the person who caused the deprivation acted under color of state law.

West v. Atkins, 487 U.S. 42, 48 (1988).

## IV.   ANALYSIS

### A.   Grievances

Plaintiff alleges that due to Dr. Rivera's participation in the grievance procedure, he was

aware of the deliberate indifference to Plaintiff's medical needs.  The allegations and the exhibits

attached to the Complaint indicate that Dr. Rivera investigated Plaintiff's grievances and, in many

instances, found in favor of Plaintiff.  Hence, it is evident that Dr. Rivera did not ignore Plaintiff's

complaints.  Accordingly, Plaintiff has failed to alleged a medical needs constitutional violation.

---

[7]A claim is facially plausible when its factual content allows the Court to draw a
reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal,129 S.Ct. at
1949 (quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'"  Id.

See Estelle v. Gamble, 429 U.S. 97, 103-105 (1976) (In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.)

Plaintiff further complains of Dr. Rivera's actions during the grievance procedure. The filing of prison grievances is a constitutionally protected activity. Robinson v. Taylor, 204 F. App'x 155, 157 (3d Cir. 2006) (not published). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a constitutionally protected right to a grievance procedure. Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009) (not published) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). Additionally, Plaintiff's complaints regarding the investigation of his grievances do not state a constitutional claim. See Gay v. Shannon, 211 F. App'x 113, 116 (3d Cir. 2006) (not published) (citing Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding allegedly inadequate grievance procedures did not give rise to a constitutional claim); see also Hurley v. Blevins, Civ. No. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar. 28, 2005) (the failure to investigate a grievance does not raise a constitutional issue.) Finally, a denial of a grievance appeal does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. Winn v. Department Of Corr., 340 F. App'x 757, 759 (3d Cir. 2009) (not published) (citing Flick v. Alba, 932 F.2d at 729. Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate.

For the above reasons, the Court will dismiss the claims against Dr. Rivera as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

7

### B.      Pleading Deficiencies

John and Jane Doe are not named in the caption of the Complaint or in the "Defendants"

Section of the Complaint.  Regardless, Plaintiff alleges that John and Jane Doe failed to provide

him with adequate medical treatment and were deliberately indifferent to his serious medical

needs, failed to follow physicians' orders, and were unsupervised.

A civil rights complaint must state the conduct, time, place, and persons responsible for

the alleged civil rights violations.  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing

Boykins v. Ambridge Area Sch. Dist.., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State

Police, 570 F.2d 86, 89 (3d Cir. 1978)).  Plaintiff's general allegations are insufficient to apprise

John and Jane Doe when, or where, the alleged constitutional violations occurred.  Moreover, the

allegations fails to comply to the pleading requirements of Iqbal and Twombly.  Indeed, the

allegations are nothing more than labels and conclusions.  Accordingly, the Court will dismiss the

claims against John and Jane Doe as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).

## V.      CONCLUSION

For the reasons set forth above, the claims against Dr. Rivera and John and Jane Doe must

be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  Plaintiff may

proceed with his claims against remaining Defendants Commissioner Carl Danberg, Warden

Perry Phelps, Correctional Medical Services, Nurse Practitioner Nioma, Nurse Bob, and Nurse

Betty.[8]  An appropriate order shall follow.

---

[8]At this juncture, Plaintiff has alleged what appear to be constitutional violations against
Danberg and Phelps.  See Grose v. Caruso, 284 F. App'x 279 (6th Cir. 2008) (not published)

Date: <u>September 24, 2010</u>                              <u>s/Robert B. Kugler</u>
                                                            ROBERT B. KUGLER
                                                            United States District Judge

_____

(Allegations by state prisoner that prison officials knew of substantial criticisms and legal
actions taken against the prison's contracted medical provider, including its alleged misdiagnosis
and delayed medical treatment of inmates, and that because the officials continued to contract
with the provider, and failed to establish policies and training to prevent the provision of
inadequate medical care, the officials acquiesced to contractor's failure to properly diagnose
prisoner's knee fractures, which resulted in prisoner's permanent disability, stated a § 1983 claim
against officials for deliberate indifference to prisoner's serious medical needs in violation of the
Eighth Amendment ).  He also appears to allege medical needs constitutional violations against
CMS, Nioma, Bob, and Betty.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), <u>supra</u>.