IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD POWELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 10-558-LPS |
| | : |
| COMMISSIONER CARL DANBERG, et al., | : |
| | : |
| Defendants. | : |

Edward Powell, Townsend, Delaware, Pro Se Plaintiff.

Devera Breeding Scott, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Carl Danberg and Perry Phelps.

Daniel A. Griffith and Scott G. Wilcox, Esquires, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Defendants Correctional Medical Services, Nurse Nioma, Nurse Bob, and Nurse Betty.

**MEMORANDUM OPINION**

August 8, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Edward Powell ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. (D.I. 2) He appears *pro se* and has been granted leave to proceed without prepayment of fees. Presently before the Court are Plaintiff's Request for Counsel (D.I. 48) and State Defendant's Motion to Dismiss for Failure to Prosecute (D.I. 57), which is joined by Medical Defendants (D.I. 58). For the reasons set forth below, the Court will grant the Motion to Dismiss and deny as moot the Request for Counsel.

## II. BACKGROUND

In June 2010, at the time he initiated this action, Plaintiff was incarcerated. (D.I. 2) Then, in June 2011, he was released from prison. (D.I. 31) After all Defendants answered the Complaint, the Court set a scheduling conference for November 14, 2011, to be held in the United States District Court for the District of New Jersey in Camden, New Jersey.[1] (D.I. 42) The Court also ordered the parties to comply with Fed. R. Civ. P. 16 and Local Civil Rule 16.1. Defendants filed their initial disclosures, but Plaintiff did not. (D.I. 43, 45) In the meantime, on November 9, 2011, the Clerk of Court for the District of New Jersey received from Plaintiff a request for counsel that was mailed directly to it instead of to the Clerk of Court for this District. (D.I. 48) The request for counsel is file stamped November 14, 2011 (the same date as the scheduling conference), but was not docketed until November 15, 2011. The letter sought

---

[1] The case was initially assigned to the Honorable Robert B. Kugler of the District of New Jersey. The case was reassigned to the Honorable Leonard P. Stark on January 18, 2012.

1

counsel and requested a continuance of the scheduling conference. (D.I. 48) Defendants appeared at the November 14, 2011 scheduling conference, but Plaintiff did not. (D.I. 49)

On February 24, 2012, the Court entered a scheduling order for discovery and the filing of dispositive motions, with a discovery deadline of August 27, 2012, and a dispositive motion deadline of September 27, 2012. (D.I. 54) Medical Defendants served Plaintiff with discovery requests on February 23, 2012 and, when he did not timely respond, sent Plaintiff a letter on April 12, 2012 asking him to contact them. (D.I. 53) As of the date of the most recent filing in this case (May 2, 2012), Plaintiff had not responded and had not contacted Medical Defendants. (D.I. 58) On March 7, 2012, State Defendants and Medical Defendants noticed Plaintiff's deposition to take place on April 4, 2012, in Wilmington, Delaware. (D.I.55, 56) Plaintiff did not appear at the appointed time and place. Nor did he contact Defendants to advise that he would not appear at his deposition. (D.I. 57)

On April 17, 2012, State Defendants filed their Motion to Dismiss for failure to prosecute, pursuant to Fed. R. Civ. Proc. 41(b) and D. Del. LR 41.1. (D.I. 57) Medical Defendants joined the motion. (D.I. 58) Plaintiff has filed no opposition to the motion. Indeed, the last action Plaintiff took in this case occurred on November 14, 2011, when he filed his request for counsel.

### III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is

2

appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. Dec. 13, 2010) (not published).

The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *See Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## IV.  DISCUSSION

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23

3

(3d Cir. 2003). Here, Plaintiff's failure to take any action in this case since November 2011, his failure to attend a scheduling conference, his failure to respond to discovery requests, and his failure to attend his deposition impede Defendants' ability to prepare their trial strategy.

As to the third factor, there is a history of dilatoriness, inasmuch as Plaintiff did not attend the scheduling conference, did not respond to discovery requests, did not attend his deposition, and did not respond to the Motion to Dismiss for Failure to Prosecute. As to the fourth factor, since Plaintiff has taken no action for a lengthy period of time, the Court is unable to discern whether his failure to prosecute is willful or in bad faith. As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Because Plaintiff proceeds *pro se* and *in forma pauperis*, it is doubtful that monetary sanctions would be effective. As to the sixth factor, the merits of the claim, the Court cannot determine this factor based upon a review of the pleadings and lack of discovery.

Given Plaintiff's failure to take any action in this case since November 2011, the failure to provide any discovery, the failure to attend his deposition, the failure to attend the scheduling conference, and the failure to respond to Defendant's Motion to Dismiss, the Court finds that the *Poulis* factors weigh in favor of dismissal.

## V. **CONCLUSION**

For the above reasons, the Court will grant Defendants' Motion to Dismiss for Failure to Prosecute. (D.I. 57) The Court will deny as moot Plaintiff's Request for Counsel. (D.I. 48)

An appropriate Order follows.